**LUONGO BELLWOAR LLP**
Stanley E. Luongo, Jr., Esquire
Identification No.: 51828
Thomas B. Bellwoar, Esquire
Identification No.: 60470
126 W. Miner Street
West Chester, PA 19382
Telephone: (610) 430-6600                                                   Attorneys for Plaintiff
Facsimile: (610) 344-7585

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Robert Joseph Stephens<br>1235 University Blvd., ASH 1520<br>Steubenville, OH 43952 | CIVIL ACTION |
| Plaintiff | NO. 21-3937 |
| v. | |
| International Ballet Theater Academy, Inc.<br>271 Lancaster Ave., Suite 104<br>Frazer, PA 19355 | JURY TRIAL DEMANDED<br>(CONSISTING OF 12 MEMBERS) |

## COMPLAINT

### The Parties

1. Robert Joseph Stephens is an adult male residing at 1235 University Blvd., ASH 1520, Steubenville, Ohio, 43952.

2. Defendant, International Ballet Theater Academy, Inc., (IBTA) is a Pennsylvania corporation with its principal place of business located at 271 Lancaster Ave., Suite 104, Frazer, PA 19096. IBTA, owns, operates, controls, manages and/or does business as a ballet studio offering training and instruction to male and female youths and adults pursuing recreational and professional classical ballet dancing.

3. Venue is proper in the Eastern District of Pennsylvania as Defendant regularly and systematically conducts business within Chester County, PA, and the incidents giving rise to this Complaint occurred in the Eastern District of Pennsylvania.

4. Jurisdiction is proper in Federal Court based on diversity of citizenship as the Defendant's business is located in Pennsylvania and the Plaintiff resides in the state of Ohio.

## Operative Facts

5. At all times relevant hereto, Alexander Boitsov (hereinafter "Boitsov") was working in the course and scope of his employment with IBTA, as a ballet instructor at the International Ballet Theater Academy.

6. At all times relevant hereto, Plaintiff was a minor child who participated in ballet training and instruction provided by Boitsov in his capacity as an employee for Defendant, IBTA.

7. Beginning approximately August of 2015, when Plaintiff was 15 years old, through June of 2017, Boitsov sexually assaulted Plaintiff multiple times while under the guise of supervising, instructing and training Plaintiff in ballet dancing at IBTA. The sexual assaults committed by Boitsov upon Plaintiff at IBTA included, but are not limited to, touching and fondling Plaintiff's genitals outside his clothing, touching and fondling Plaintiff's genitals and genital area underneath his clothing, rubbing and masturbating Plaintiff's penis using one or both of his hands, squeezing and/or fondling Plaintiff's bare buttocks, and/or placing his erect penis on the body of Plaintiff. All of the aforementioned acts were done without the consent of said Plaintiff who at all times was a minor, and while in the course and scope of Boitsov's employment at IBTA and/or on IBTA premises.

8. As a result of the sexual assaults on Plaintiff described herein, Boitsov was arrested and charged with committing multiple violations of Pennsylvania's Criminal Code, including, Corruption of Minors, 18 Pa.C.S.A. §6301(a)(ii); Endangering the Welfare of Children, 18

Pa.C.S.A. §4304(a)(1); twenty (20) counts of Unlawful Contact with Minor 18 Pa.C.S.A. §6318(a)(1) (relating to sexual offenses); twenty (20) counts of Indecent Assault Without the Consent of Another 18 Pa.C.S.A. §3126(a)(1); and six (6) counts of Indecent Assault of a Person Less than 16 Years of Age 18 Pa.C.S.A. §3126(a)(8).

9. On January 10, 2020, following a jury trial in the Chester County Court of Common Pleas, Boitsov was convicted of one (1) count each of Corruption of Minors, Endangering the Welfare of Children, Unlawful Contact with a Minor relating to a sexual offense, Indecent Assault of a Person Less than 16 Years of Age, and ten (10) counts of Indecent Assault Without the Consent of Another.

10. On December 8, 2020, following a hearing in the Chester County Court of Common Pleas, Boitsov was determined by the Court to be a Sexually Violent Predator.

11. On December 14, 2020, Boitsov was sentenced to an aggregate of 57 to 114 months in state prison for the sexual abuse of the Plaintiff.

12. At all times relevant hereto, Defendant, IBTA, authorized and/or entrusted Boitsov to have personal contact with Plaintiff and to be alone with him while Plaintiff was undressing into ballet attire and in a vulnerable position. Boitsov was aided in his commission of the sexual assaults described more fully above and below by virtue of his duties as a ballet instructor because Plaintiff was required to change into ballet attire in a private area away from other students and in a vulnerable position per the protocol for male ballet students at IBTA.

13. The sexual assaults described herein occurred on the premises operated and/or controlled by Defendant IBTA and in other locations where Defendant IBTA arranged recitals and performances.

14. The sexual assaults described above and below occurred during normal business hours of IBTA and occurred in the course and scope of the performance of duties of Boitsov while he was engaged as a ballet trainer, supervisor, and instructor for minor students, including Plaintiff.

15. At all times material hereto, Boitsov was acting within the course and scope of his employment, master-servant, or agency relationship with the International Ballet Theater Academy, Inc. (IBTA), while he was providing ballet coaching, teaching and supervision services to the minor victim Plaintiff. Accordingly, Defendant International Ballet Theater Academy, Inc., is liable for the acts and omissions of Boitsov and other employees at the International Ballet Theater Academy, Inc., under the theories of respondeat superior, vicarious liability, master-servant, agency, and right of control.

16. Defendant, IBTA, is vicariously liable to Plaintiff for injuries sustained as a result of the negligence, gross negligence, and willful and/or intentional misconduct of persons or entities whose conduct was under their control, or right to control, namely, Boitsov and other employees at IBTA, and which conduct directly and proximately caused Plaintiff's injuries.

17. The Defendant's knowing acquiescence and silence with respect to the known, or reasonably knowable, activities of Boitsov constituted a course of conduct through which acts of sexual perversion and the violation of IBTA customers, including Plaintiff, were condoned, approved and effectively authorized.

18. Through its failure to timely reprimand and sanction the acts referenced herein, and for all of the other reasons set forth in this Complaint including, without limitation, its failure to take the steps necessary to prevent the occurrence of such reprehensible acts and, in fact, assign Boitsov

to minor age ballet student customers, including Plaintiff, the Defendant ratified said actions and, accordingly, are vicariously liable for the actions of Boitsov.

19. Defendant IBTA, owed a duty to its minor age students, including Plaintiff herein, to provide a reasonably safe environment for them, to ensure their safety, and to provide reasonably necessary supervision and oversight for their safety and welfare while at IBTA locations, including IBTA in Frazer and other locations where IBTA minor age students trained and performed.

20. As set forth in this Complaint, Defendant failed to fulfill its legal duty to provide a reasonably safe environment for minor age students at IBTA locations, including IBTA Frazer and other locations where IBTA minor age students trained and performed.

21. Defendant had a duty to take reasonable steps to ensure that its employees at were psychologically fit to provide ballet coaching, teaching and supervision services to its minor age students at their training and performance locations, including IBTA Frazer and elsewhere.

22. To the contrary, Defendant hired individuals who it knew and/or had reason to know were sexual predators, including, but not limited to, Alexander Boitsov.

23. As a result, upon information and belief, other minor age students have been sexually assaulted by employees of IBTA at their training and performance locations including IBTA Frazer and Defendant did not report these assaults to police or to other public authorities, including, but not limited to, assaults pertaining to Alexander Boitsov.

24. As a result of Defendant's negligent, careless, reckless acts and omissions, numerous minor age students, including Plaintiff, were sexually assaulted by depraved predators, such as Boitsov, who exploited their position as coach and/or teacher to violate innocent and unsuspecting children.

25. As set forth in this Complaint, Defendant failed to take reasonable steps to ensure that employees at IBTA training and performance locations, including IBTA Frazer, were psychologically fit to provide ballet coaching, teaching and supervision services to unsuspecting, vulnerable minor age students. As a direct result of Defendant's tortious acts and omissions, Plaintiff suffered the injuries set forth in this Complaint.

26. In fact, Defendant knowingly permitted employees such as Boitsov to be employed, retained, rehired, and/or assigned who they knew and/or had reason to know, were psychologically unfit to provide ballet coaching, teaching and supervision services to services to unsuspecting, vulnerable minor students. As a direct result of Defendants' acts, Plaintiff suffered the injuries set forth in this Complaint.

27. Defendant employed, retained, re-hired and/or assigned employees such as Boitsov who it knew or should have known were sexual predators and/or mentally ill.

28. Defendant, IBTA failed to take reasonable steps to ensure that employees were psychologically fit to provide ballet coaching, teaching, and supervision services to unsuspecting, vulnerable minor age students. These failures included the following:

   a. Failure to investigate the backgrounds of employees in the employ or service of the Defendant;

   b. Failure to prohibit, restrict, or limit the activities of employees suspected of sexual assault and/or those known to be sexual predators;

   c. Failure to reasonably and properly investigate allegations of sexual assault;

   d. Failure to properly train and instruct employees;

   e. Failure to have in place standards of acceptable and unacceptable conduct;

   f. Failure to formulate, effectuate, and enforce policies to prevent and/or minimize the risk of sexual assaults to minor age students by agents, servants, and/or employees of the Defendant;

      g.      Failure to have in place standards for reporting acts of sexual misconduct to law enforcement authorities

29. Defendant had a duty to take reasonable steps to ensure that employees, such as Boitsov, whose duties placed them in close proximity to unsuspecting and vulnerable minor age students were psychologically fit to perform those duties without jeopardizing the safety of said children.

30. Defendant had a duty to take reasonable steps to supervise the actions of their employees while providing ballet coaching, teaching and supervision services to minor age students at IBTA training and performance locations.

31. Defendant failed to take reasonable steps to ensure that Boitsov was psychologically fit to provide ballet coaching, teaching and supervision services to unsuspecting and vulnerable minor age students at IBTA training and performance locations, including IBTA Frazer, after the Defendant knew, and/or should have known, of the dangers posed by Boitsov. As a direct result of the Defendant's acts, Plaintiff suffered the injuries set forth in this Complaint.

32. In fact, Defendant employed, retained, re-hired and/or assigned employees such as Boitsov who it knew and/or had reason to know were psychologically unfit to provide ballet coaching, teaching and supervision services to unsuspecting, innocent minor age students, including, but not limited to, Plaintiff.

33. Defendant employed, retained, re-hired and/or assigned employees who it knew and/or had reason to know or should have known were sexual predators and/or mentally ill, including, but not limited to, Boitsov.

### Causes of Action

### COUNT I – VICARIOUS LIABILITY
### PLAINTIFF v. INTERNATIONAL BALLET THEATER ACADEMY, INC.

34. Plaintiff incorporates the averments of the preceding paragraphs as if each was set forth herein at length.

35. Alexander Boitsov engaged in unpermitted, harmful and offensive sexual conduct and contact upon the person of Plaintiff in violation of Pennsylvania State law. Said conduct was undertaken while Boitsov was an employee and agent of Defendant, while in the course and scope of employment with Defendant, and/or was ratified by Defendant.

36. Prior to the assaults alleged above, upon information and belief, Defendant knew, had reason to know, or were otherwise on notice of the unlawful sexual conduct of Boitsov at IBTA training and/or performance locations including but not limited to Frazer, PA. Defendant failed to take reasonable steps and failed to implement reasonable safeguards to avoid acts of unlawful sexual conduct by Boitsov, including, but not limited to, preventing or avoiding placement of Boitsov in functions or environments in which contact with innocent child students in vulnerable positions was an inherent part of those functions or environments. Furthermore, at no time during the periods of time alleged did the Defendant have in place a system or procedure to supervise and/or monitor employees, representatives or agents to ensure they did not sexually assault minor age students at IBTA training and/or performance locations.

37. IBTA's knowing acquiescence and silence with respect to the known, or reasonably knowable, activities of sexual predators and/or mentally ill individuals, such as Alexander Boitsov, constituted a course of conduct through which acts of sexual perversion and the violation of minor age students were condoned, approved, and effectively authorized.

38. Through its failure to timely reprimand and sanction the acts referenced herein, and for all of the other reasons set forth in this Complaint including, without limitation, its failure to take the steps necessary to prevent the occurrence of such reprehensible acts, Defendant ratified said actions and, accordingly, are vicariously liable for the actions of Boitsov.

39. As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation and loss of enjoyment of life; was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy and counseling.

WHEREFORE, Plaintiff demands against Defendant, compensatory damages in an amount in excess of $75,000 in compensatory damages together with punitive damages, interest, and damages for prejudgment and post-judgment delay.

## COUNT II - NEGLIGENCE
## PLAINTIFF v. INTERNATIONAL BALLET THEATER ACADEMY, INC.

40. Plaintiff incorporates the averments of the preceding paragraphs as if each was set forth herein at length.

41. Defendant, by and through their agents, servants and employees, knew or reasonably should have known of Boitsov's dangerous and exploitive propensities and/or that Boitsov was an unfit agent. It was foreseeable that if Defendant did not adequately exercise or provide the duty of care owed to child students in their care, including, but not limited to Plaintiff, they would be vulnerable to sexual assaults by employees, including Boitsov.

42. Defendant owed its minor students and customers, and to Plaintiff in particular, a duty to reasonably supervise and/or monitor employees such as Boitsov who it knew, or should have known, were sexual predators.

43. Having been in the care of Defendant at the time under circumstances such as to deprive Plaintiff of his entitlement to safe care and protection, the Defendant owed to Plaintiff a duty to aid and/or protect him and to control the actions of third parties, as set forth in Restatement (Second) of Torts §§ 314A(4), 315.

44. Having been in the care of Defendant at the time under circumstances such as to deprive Plaintiff of his normal opportunities for protection, the Defendant owed to Plaintiff a duty to control the acts of its agents, servants, and/or employees.

45. At all times relevant hereto, Defendant did not have in place (or failed to enforce) adequate, reasonable, and necessary rules, regulations, policies, and procedures which could effectively identify (and deal with) sexual predators.

46. At all times relevant hereto, Defendant did not have in place adequate, reasonable, and necessary rules, regulations, policies, and procedures for the removal of sexual predators in the employ and/or service of Defendant.

47. As set forth in this Complaint, Defendant failed to fulfill its legal duty to protect Plaintiff and other minor age students/customers from the depraved and vile acts of its employees, including Alexander Boitsov.

48. As set forth in this Complaint, Defendant failed to take reasonable steps to ensure that employees at IBTA training and performance locations such as Boitsov were psychologically fit to provide ballet coaching, teaching and supervision services to minor age students/customers. These failures included the following:

    a.    Failure to adequately investigate the background of employees in its employ or service;

    b.    Failure to prohibit, restrict, or limit the activities of employees suspected of sexual assault and/or those known to be sexual predators;

    c.    Failure to reasonably and properly investigate allegations of sexual assault;

    d.    Failure to properly train and instruct employees;

    e.    Failure to have in place standards of acceptable and unacceptable conduct;

    f.    Failure to formulate, effectuate, and enforce policies to prevent and/or minimize the risk of sexual assaults to minor age students by agents, servants, and/or employees of the Defendant;

    g.    Failure to have in place standards for reporting acts of sexual misconduct to law enforcement authorities

49. Moreover, the negligent, reckless, outrageous, and recklessly indifferent and unlawful conduct of Defendant, as set forth above and herein, further consisted of:

    a)    permitting employees, including Alexander Boitsov, to sexually assault minor age students/customers including Plaintiff;

    b)    permitting employees, including Alexander Boitsov, to engage in illegal sexual conduct with minor age students/customers, including Plaintiff, on the premises of IBTA, during operating hours;

    c)    permitting Alexander Boitsov to violate Pennsylvania criminal statutes (Title 18) prohibiting Corruption of Minors (§6301(a)(1)(ii)), Endangering the Welfare of Children (§4304(a)(1)), Unlawful Contact with a Minor (§6318(a)(1)), Indecent Assault (§3126(a)(1)), and, Indecent Assault of a Person Less than 16 Years Old (§3126(a)(8)) ;

    d)    failing to properly and adequately supervise and discipline its employees to prevent the sexual assault that occurred to Plaintiff;

    e)    failing to adopt, enforce and/or follow adequate policies and procedures for the protection and reasonable supervision of minor age students/customers who engaged the services of Defendant, including Plaintiff, and, in the alternative, failing to implement and comply with such procedures which had been adopted;

- f) failing to implement, enforce and/or follow adequate protective and supervisory measures for the protection of minor age students/customers, including Plaintiff;

- g) creating an environment that facilitated sexual assault by Alexander Boitsov on Plaintiff;

- h) failing to adopt, enforce and/or follow policies and procedures to protect minor age students/customers against harmful contact by its employees, including Alexander Bitsov;

- i) breaching the duties imposed by Restatement (Second) of Torts, § 324A, as adopted in Pennsylvania;

- j) failing to warn Plaintiff of the risk of harm posed by Alexander Boitsov after Defendant knew or should have known of such risk;

- k) violation of duties imposed by Restatement (Second) of Agency § 213 and Restatement (Second) of Torts § 317, as adopted in Pennsylvania;

- l) failing to warn Plaintiff of the risk of harm that Plaintiff may suffer as a result of contact with Alexander Boitsov;

- m) failing to warn or otherwise make reasonably safe the property which Defendant possessed and/or controlled, leading to the harm of Plaintiff;

- n) violating its own policies and/or by-laws regarding sexual assaults by staff;

- o) ignoring, concealing, or otherwise mitigating the seriousness of the known danger that Alexander Boitsov posed;

- r) failing to prevent the sexual assault that was committed by Alexander Boitsov on Plaintiff and other children he sexually assaulted;

- s) allowing Alexander Boitsov to remain employed when Defendant knew or should have known that he sexually assaulted a minor age student/customer;

- t) failing to properly supervise and/or discipline its employees;

- u) failing to adequately and properly train its employees regarding sexual assaults of minor age students/customers by employees; and

- v) negligently managing and/or operating IBTA training and performance locations, including but not limited to IBTA Frazer, PA.

50.  At all times relevant hereto, Defendant did not have in place adequate, reasonable, and necessary rules, regulations, policies, and procedures with respect to the hiring, training and/or supervision of individuals in its employ or service who were tasked with coaching minor age students/customers.

51. Defendant failed to reasonably identify, remove, and/or report to law enforcement authorities sexual predators in its service and employ.

52. Defendant failed to reasonably supervise and/or monitor individuals who it knew, or should have known, were sexual predators in its service and employ.

53. Defendant negligently, carelessly, and/or recklessly failed to timely and reasonably identify, remove, and/or report to law enforcement authorities Boitsov as a sexual predator.

54. Defendant hired, retained and/or assigned Boitsov to Plaintiff knowing or having reason to know that Boitsov was a sexual predator.

55. Defendant further breached its duty of care to Plaintiff by failing to protect the Plaintiff from foreseeable harm from the sexual misconduct of employees of Defendant, including Boitsov. Defendant further breached their duty of care by failing to warn Plaintiff of the propensities of Boitsov and by failing to provide a safe and secure environment for the Plaintiff.

56. As a result of the above-described conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation and loss of enjoyment of life; was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life; has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy and counseling.

WHEREFORE, Plaintiff demands damages against Defendant, International Ballet Theater Academy, Inc., an amount in excess of $75,000 in compensatory damages, together with punitive damages, interest, and damages for prejudgment and post-judgment delay.

## COUNT III
## NEGLIGENT PERFORMANCE OF UNDERTAKING TO RENDER SERVICES
## PLAINTIFF v. INTERNATIONAL BALLET THEATER ACADEMY, INC.

57.  Plaintiff hereby incorporate the above paragraphs by reference.

58.  Defendant undertook, for consideration, the provision of ballet coaching, teaching and supervision services to the Plaintiff pursuant to Restatement (Second) Torts § 323.

59.  Defendant should have recognized as necessary the protection of the Plaintiff's person and physical/mental well-being.

60.  The Plaintiff suffered severe and permanent harm as described above as a result of Defendant's failure to exercise reasonableness in the performance of undertaking to provide ballet coaching, teaching and supervision services to him.

61.  Defendant's failure to exercise such care increased the risk of harm to the Plaintiff and/or the Plaintiff was harmed because of his reliance upon Defendants' undertaking to provide ballet coaching, teaching and supervision services to him.

WHEREFORE, Plaintiff demands judgment against Defendant International Ballet Theater Academy, Inc., for a sum in excess of $75,000 in compensatory damages, exclusive of pre-judgment interest, post-judgment interest, costs and punitive damages against Defendant.

## COUNT IV - NEGLIGENCE PER SE
## PLAINTIFF v. INTERNATIONAL BALLET THEATER ACADEMY, INC.

62.  Plaintiff incorporates the above paragraphs by reference.

63.  Defendant's involvement, permission, and/or failure to prevent indecent contact between Boitsov and Plaintiff constitute per se violations of 18 Pa.C.S. §6301(a)(1)(ii) (Corruption of Minors); 18 Pa.C.S. §4304(a)(1) (Endangering the Welfare of Children); 18 Pa.C.S. §6318(a)(1) (Unlawful Contact with a Minor – Sexual Offense); 18 Pa.C.S. §3126(a)(1) (Indecent Assault), and; 18 Pa. C.S. §3126(a)(8) (Indecent Assault of a Person Less than 16 Years Old).

64. As a direct result of the aforementioned conduct, Plaintiff suffered severe and permanent harm as described above.

WHEREFORE, Plaintiff demands judgment against Defendant International Ballet Theater Academy, Inc., for a sum in excess of $75,000 in compensatory damages, exclusive of pre-judgment interest, punitive damages, post-judgment interest and costs.

### COUNT V - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### PLAINTIFF v. INTERNATIONAL BALLET THEATER ACADEMY , INC.

65. Plaintiffs incorporate the above paragraphs by reference.

66. Defendant, by and through persons or entities whose conduct was under its control, or right to control, namely, Boitsov, as a result of their contact with Plaintiff, as described above, negligently and/or recklessly committed multiple acts of extreme and outrageous conduct which caused severe emotional, psychological, and psychiatric injuries, distress, and harm to plaintiff, which also manifested in physical injuries to Plaintiff as set forth above in an extreme, outrageous and harmful manner.

WHEREFORE, Plaintiff demands judgment against Defendant International Ballet Theater Academy, Inc., for a sum in excess of $75,000 in compensatory damages, exclusive of pre-judgment interest, punitive damages, post-judgment interest and costs.

### COUNT VI - NEGLIGENT MISREPRESENTATION
### PLAINTIFF v. INTERNATIONAL BALLET THEATER ACADEMY , INC.

67. Plaintiff incorporates each and every preceding averment as though fully set forth herein.

68. Defendant negligently misrepresented material facts to Plaintiff, namely that Alexander Boitsov was fit to render adequate, competent and appropriate ballet coaching, training and supervisory services to Plaintiff and that he was not a danger to Plaintiff.

69. Defendant made these misrepresentations under circumstances and at a time when they knew or should have known of the falsity of these representations.

70. Defendant made these representations with a reckless disregard for the truth or falsity of such statements and/or with an intent to induce Plaintiff to act on the representations, which, in turn, exposed Plaintiff to harm.

71. Plaintiff's justifiable reliance on Defendant's misrepresentations resulted directly in injury to Plaintiff as described above and such injuries and damages were legally caused by the justifiable reliance upon Defendants' misrepresentations.

WHEREFORE, Plaintiff demands judgment against Defendant International Ballet Theater Academy, Inc., for a sum in excess of $75,000 in compensatory damages, exclusive of pre-judgment interest, punitive damages, post-judgment interest and costs

## COUNT VII - RECKLESSNESS
## PLAINTIFF v. INTERNATIONAL BALLET THEATER ACADEMY, INC.

72. Plaintiff incorporates the averments of the preceding paragraphs as if each was set forth herein at length.

73. Upon information and belief, the Defendant, prior to the sexual assaults upon Plaintiff which is the subject of this action, knew and/or had reason to know, that Boitsov was a sexual predator and/or otherwise so mentally ill as to pose a clear and present danger to minor aged students in his care.

74. Despite knowledge of the dangerous propensities of Boitsov, the Defendants assigned, authorized the assignment, promoted the assignment and/or participated in the assignment of Boitsov to a position which was likely to entail interaction with children in a vulnerable position, including Plaintiff.

75. For example, Defendant was aware that Boitsov had sexually assaulted two other children at a ballet studio in Delaware. In 2017, Boitsov was photographed sexually assaulting a male child who was a student. Boitsov was convicted in Delaware of this assault. In 2011 a minor age student reported to law enforcement that Boitsov systematically sexually abused him at a Delaware studio in a fashion strikingly similar to the assaults committed upon Plaintiff. Charges were not filed in that matter due to a lapse in the statute of limitations.

76. Defendant knew or should have known that Boitsov's continued employment presented a great danger to unsuspecting child students, including, but not limited to, Plaintiff.

77. The Defendant's knowledge of Boitsov's conduct and failure to act to protect its minor age students constitute reckless misconduct.

78. As a direct and proximate result of Defendant's reckless misconduct, Plaintiff sustained the injuries set forth in this Complaint.

WHEREFORE, Plaintiff demands damages against the Defendants, individually and jointly and severally with the other defendants, in an amount in excess of $75,000 together with punitive damages, interest, and damages for prejudgment and post-judgment delay.

                **LUONGO BELLWOAR LLP**

                BY: /s/ *Thomas B. Bellwoar*
                    Thomas B. Bellwoar., Esquire
                    Attorney for Plaintiff
                    Attorney I.D. No.: 60470
                    126 W. Miner Street
                    West Chester, PA 19382
                    Telephone: (610) 430-6600
                    Facsimile: (610) 344-7585
                    TBellwoar@luongobellwoar.com

Date: September 2, 2021

## VERIFICATION

I, Robert J. Stephens, verify that the statements in the foregoing document are true and correct. I understand that false statements made herein are subject to the penalties of 18 Pa.C.S.A. §4904, relating to unsworn falsification to authorities.

Date: 08/31/2021          By: _/s/ Robert J. Stephens_
                                                          Robert J. Stephens